**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BENJAMIN THOMAS,<br><br>    Defendant. | No. CR 07-3034-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A. Defendant's Criminal History, Prior Convictions, And Aliases* . . . . . . . 4
    *B. Evidence Of The Mattress Fire Incident* . . . . . . . . . . . . . . . . . . . . . . 5
    *C. Evidence Of An Assault On Thomas* . . . . . . . . . . . . . . . . . . . . . . . 6
    *D. References To Thomas's "Possession" Of A Firearm* . . . . . . . . . . . . 6
    *E. References To A "Home Invasion"* . . . . . . . . . . . . . . . . . . . . . . . . 8

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I. INTRODUCTION

In an Indictment (docket no. 2) handed down August 22, 2007, defendant Benjamin Thomas, also known as "Larry Johnson" and "Maurice Sabale," was charged with a "felon in possession of a firearm" offense and forfeiture of certain property. More specifically **Count 1** of the Indictment charges that, on or about December 1, 2006, Thomas knowingly possessed, in and affecting commerce, six rounds of .44 caliber ammunition and a firearm, identified as a Ruger revolver, New Model Super Blackhawk, .44 caliber, serial number 82-51328, having previously been convicted of the following crimes punishable by imprisonment for a term exceeding one year: (1) motor vehicle theft in Cook County, Illinois, case number 93CR22078901, on January 19, 1994; (2) distribution of a controlled substance in Cook County, Illinois, case number 94CR2849401, on August 14, 1995; (3) delivery of a controlled substance in Cook County, Illinois, case number 95CR0436201, on August 14, 1995; and (4) possession of a controlled substance in Cook County, Illinois, case number 01CR1280801, on October 22, 2001, all in violation of 18 U.S.C. § 922(g)(1). In addition, in a **Forfeiture Allegation**, the Indictment alleges that, by virtue of having committed the acts specified in the Indictment, Thomas shall forfeit to the United States any firearm or ammunition involved in or used in the knowing violation of 18 U.S.C. § 922(g)(1), including but not limited to the firearm and ammunition listed in **Count 1**, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). Trial in this matter is currently set for jury selection on April 21, 2008, with presentation of evidence to begin on April 22, 2008.

In anticipation of trial, Thomas filed two motions in limine, his April 7, 2008, Motion In Limine To Preclude Prior Bad Acts (docket no. 29) (First Motion In Limine), and his April 7, 2008, Motion To Preclude Prior Convictions (docket no. 31) (Second Motion In Limine). Thomas also filed on April 7, 2008, a Notice Of Intent To Stipulate

To Prior Felony (docket no. 30). In his First Motion In Limine, Thomas seeks to exclude the following categories of evidence pursuant to Rules 402, 403, and 404(b) of the Federal Rules of Evidence: (1) evidence of any aliases he allegedly used in the past or any evidence that he had previously been arrested under a different name; (2) evidence of any of his previous arrests that did not result in convictions; (3) evidence of an incident from September 23, 2007, where the police went to his home because of a mattress fire and claim that they found a .22 caliber bullet; (4) evidence of an assault on March 9, 2007, in which he was the victim of a stabbing. In his first motion, Thomas also seeks to preclude the prosecution's witnesses from stating that he "possessed" the firearm in question, because that is a question for the jury, and from referring to the events giving rise to this case as a "home invasion," apparently pursuant to Rule 403 of the Federal Rules of Evidence. In his Second Motion In Limine, Thomas contends that, because he will stipulate to being a felon, evidence of his prior convictions is irrelevant to any material issue in this case and such evidence should, therefore, be excluded pursuant to Rule 404(b) of the Federal Rules of Evidence. The prosecution filed a unified Response To Defendant's Motions In Limine (docket no. 33) on April 11, 2008, asserting that it will not offer some of the challenged evidence in its case in chief, resisting exclusion of certain other categories of challenged evidence, and making no reference to others.

The defendant's Motions In Limine are now fully submitted. The court will consider the admissibility of the challenged categories of evidence in turn.

## II. LEGAL ANALYSIS

### A. *Defendant's Criminal History, Prior Convictions, And Aliases*

As noted above, in his Motions In Limine, Thomas seeks to exclude, *inter alia*, evidence of any aliases that he used in the past or any evidence that he had previously been arrested under a different name; evidence of any of his previous arrests that did not result in convictions; and evidence of his prior convictions, where he is willing to stipulate that he is a convicted felon. The last category mentioned is the entirety of the evidence challenged in his Second Motion In Limine. In its response, the prosecution states that, because Thomas is not disputing either his identity as the person previously convicted on the charges identified in the Indictment or his felon status, the prosecution does not intend to use Thomas's criminal history or aliases in its case in chief. Thus, the prosecution contends that these parts of Thomas's motions in limine are "moot." The prosecution does, however, assert that it wishes to reserve the option to use Thomas's past convictions to cross-examine Thomas, if he decides to testify, pursuant to Rule 609(a)(2) and (b) of the Federal Rules of Evidence.

Under the circumstances, the court finds that the parts of Thomas's Motions In Limine seeking to exclude evidence of any aliases he used in the past or any evidence that he had previously been arrested under a different name; evidence of any of his previous arrests that did not result in convictions; and evidence of his prior convictions should be excluded from the prosecution's case in chief. However, the court also agrees with the prosecution that evidence of Thomas's prior convictions may be admissible for purposes of impeachment, pursuant to Rule 609 of the Federal Rules of Evidence, if Thomas testifies at trial. As limited, these parts of Thomas's Motions In Limine will be granted.

4

## B. *Evidence Of The Mattress Fire Incident*

In his First Motion In Limine, Thomas also seeks to exclude evidence of an incident from September 23, 2007, where the police went to his home because of a mattress fire and claim that they found a .22 caliber bullet. Thomas contends that this evidence should be excluded, because no report was generated concerning this event until April 2, 2008, and no charges have ever been filed against him as a result of this incident. Again, the prosecution represents that it does not intend to use evidence of this additional crime of felon in possession of ammunition on September 23, 2007, in its case in chief, although the prosecution suggests that a subsequent prosecution based on this incident is possible, and wishes to retain the option to use evidence of this incident to cross-examine Thomas or any other witness who testifies that Thomas has never possessed (or been seen in possession of) a firearm or ammunition.

As with the first category of challenged evidence, the court finds that, under the circumstances, that the part of Thomas's First Motion In Limine seeking to exclude evidence of an incident from September 23, 2007, where the police went to his home because of a mattress fire and claim that they found a .22 caliber bullet, should be excluded from the prosecution's case in chief. However, the court also agrees with the prosecution that evidence of this incident may be admissible on cross-examination of Thomas or other witnesses who testify that Thomas has never possessed (or been seen in possession of) a firearm or ammunition. As limited, this part of Thomas's First Motion In Limine will be granted.

### C. *Evidence Of An Assault On Thomas*

Next, in his First Motion In Limine, Thomas seeks to exclude evidence of an assault on March 9, 2007, in which he was the victim of a stabbing by Michael Johnson. Thomas points out that this incident occurred three months after the events that led to the charge in this case and that Mr. Johnson was not involved in the events giving rise to the charge in this case. Thomas asserts that Mr. Johnson has not, and will not, be mentioned by anyone, anywhere. Although Thomas appreciates the prosecution including evidence of this incident in the discovery file, he asserts that it has no relevance to the present prosecution and should, therefore, be excluded. The prosecution makes no response to this part of Thomas's motion.

In the absence of any response by the prosecution, the court cannot see the relevance of the evidence of an assault *on Thomas* to the prosecution of the present charge, arising from a different incident and apparently involving different people. Therefore, this part of Thomas's First Motion In Limine will be granted, and evidence of an assault on March 9, 2007, in which Thomas was the victim of a stabbing by Michael Johnson, will be excluded as irrelevant pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

### D. *References To Thomas's "Possession" Of A Firearm*

In his First Motion In Limine, Thomas also seeks to preclude law enforcement officers appearing as witnesses from referring to his "possession" of the firearm in question at the time of the events giving rise to the charge in this case. Thomas contends that, in the light most favorable to the prosecution, no law enforcement officer saw Thomas in actual physical possession of the firearm at the time of the incident, nor did they see a firearm in his home or in a vehicle he owned or operated; rather, the firearm was found outside the entry to the apartment building where the defendant was apprehended.

Thomas contends, further, that no law enforcement officer will be able to testify that Thomas was in possession or control of the area where the gun was found. Thus, he contends that any lay opinions by law enforcement officers that he "possessed" the firearm would violate Rule 701 of the Federal Rules of Evidence, because none of the officers perceived him with the firearm. Similarly, he contends that, if the law enforcement officers base any testimony that Thomas "possessed" the firearm on the basis of what other civilian witnesses told them, such evidence is hearsay and involves improper vouching for the civilian witnesses.

The prosecution responds that it has every intention of complying with Rules 602 (personal knowledge) and 701 (lay opinion). The prosecution contends, however, that the law enforcement officers may testify based on their perceptions, and the prosecution contends that their perceptions will establish the admissibility of their opinions. Thus, the prosecution contends that this matter is not ripe for adjudication until the evidence comes in at trial.

The court agrees with the prosecution that the matter of the admissibility of lay opinions of law enforcement officers that Thomas "possessed" the firearm cannot be determined pre-trial. Rather, whether there is sufficient foundation for such opinions in the personal knowledge and perceptions of the officers cannot be determined until their trial testimony is presented. *See* FED. R. EVID. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); FED. R. EVID. 702 (opinions of lay witnesses are "limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702"). The court notes that it intends to

give its rather extensive stock jury instruction on "possession," which will put before the jury the *legal* requirements for a finding of actual or constructive "possession," which may go some way to cure the potential prejudice from a poorly supported lay opinion that the defendant "possessed" a firearm. The prosecution is cautioned, however, that lay witnesses should be careful to testify to their own observations and perceptions, rather than to the ultimate question of whether or not Thomas "possessed" a firearm, until and unless those observations and perceptions demonstrate an adequate basis for a lay opinion about his "possession" of the firearm. Thomas may also object at trial to any opinion that he believes is not adequately supported by the witness's own observations and perceptions. Thus, this part of Thomas's First Motion In Limine will be denied without prejudice to Thomas's assertion of timely objections to lay opinions at trial.

### *E. References To A "Home Invasion"*

The last category of evidence that Thomas challenges in his First Motion In Limine and, consequently, the last category of evidence now at issue, is references to the events giving rise to this case as a "home invasion." Thomas argues that, in the light most favorable to the prosecution, the evidence will show that someone opened a door to an apartment, said, "Sorry, wrong apartment," then left, and that the individuals in the apartment thought they saw a gun, but no gun was waived or used to threaten anyone. Under these circumstances, Thomas argues that referring to the incident as a "home invasion" grossly misstates the evidence and is highly inflammatory.

The prosecution, however, contends that the facts in the record will support description of the incident as a "home invasion." The prosecution points out that the incident matches dictionary definitions of a "home invasion" burglary as well as the Iowa statutory definition of "burglary" in IOWA CODE § 713.1. More specifically, the

prosecution contends that the defendant's entry into a home, with a gun drawn or displayed, and his departure from the home only when companions in the street informed him that he had entered the wrong house, supports description of the event as a "home invasion."

Rule 403 provides for exclusion of even relevant evidence on various grounds, as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403. As the Eighth Circuit Court of Appeals has recently explained,

> Under Rule 403 , district courts have broad discretion to assess unfair prejudice, and are reversed only for an abuse of discretion. *United States v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005), *cert. denied*, 546 U.S. 1175, 126 S. Ct. 1343, 164 L. Ed. 2d 57 (2006). Rule 403 "does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983).

*United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007); *United States v. Farrington*, 499 F.3d 854, 858-59 (8th Cir. 2007). The Advisory Committee Notes to Rule 403 explain that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one." FED. R. EVID. 403, Advisory Committee Notes; *see also United States v. Jiminez*, 487 F.3d 1140, 1145 (8th Cir. 2007) (quoting this note); *United States v. Dierling*, 131 F.3d 722, 730-31 (8th Cir. 1997) (considering whether evidence was

9

unfairly prejudicial, because it might lead to a decision on an improper basis, where it purportedly had no connection to the charged offense and revealed grisly or violent behavior that made the defendant appear "dangerous"). Unfairly prejudicial evidence has also been described as evidence that is "'so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial.'" *United States v. Adams*, 401 F.3d 886, 900 (8th Cir. 2005) (quoting *United States v. Shoffner*, 71 F.3d 1429, 1433 (8th Cir. 1995)).

The court agrees with Thomas that description of the incident as a "home invasion," in the absence of supporting evidence, would be inflammatory, in that it might encourage jurors to decide the "felon in possession of a firearm" charge based on an emotional response to unlawful entry into another person's dwelling, rather than on possession of the firearm by a convicted felon. *See, e.g.,* FED. R. EVID. 403, Advisory Committee Notes (describing decision on an "improper basis" as "commonly, though not necessarily, an emotional one"); *Adams*, 401 F.3d at 900 (describing unfairly prejudicial evidence as evidence that is "so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial.") (internal quotation marks and citations omitted). On the other hand, if supported by evidence that the defendant was seen in possession of a firearm upon unlawful entry into the dwelling of another, even if the evidence shows that the entry was into the "wrong apartment," there would be more than adequate basis for the prosecutor to describe the incident *in argument* as a "home invasion." *See, e.g.,* IOWA CODE § 713.1 (defining "burglary" as follows: "Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure,

commits burglary."). Such a description, based upon such evidence, also would *not* be unfairly prejudicial, *see* FED. R. EVID. 403, where it demonstrates the gravamen of the charge, possession of the firearm by a convicted felon. Any potential prejudice will also be mitigated by prohibiting use of the description until after a factual basis for it has been established, and then allowing only the prosecutor to describe the incident using the words "home invasion" and only in closing argument. Moreover, the jury instructions are likely to mitigate any potential prejudice by focusing the jurors' attention on the legal requirements for conviction of the charged offense: the defendant's prior conviction of a felony and his possession of a firearm or ammunition on or about the date alleged. *See, e.g.*, 8th Cir. Model 6.18.922.

Therefore, this portion of Thomas's First Motion In Limine will be denied.

### III. CONCLUSION

Upon the foregoing,

1. Thomas's April 7, 2008, Motion In Limine To Preclude Prior Bad Acts (docket no. 29) is **granted in part and denied in part**, as explained more fully herein; and

2. Thomas's April 7, 2008, Motion To Preclude Prior Convictions (docket no. 31) is **granted** in its entirety.

**IT IS SO ORDERED.**

**DATED** this 15th day of April, 2008.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA